

# In the Missouri Court of Appeals
# Eastern District
## DIVISION ONE

| | | |
|---|---|---|
| ROBERT K. BENNETT, | ) | No. ED112508 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| vs. | ) | |
| | ) | |
| CORD MOVING AND STORAGE CO., | ) | |
| AND DIVISION OF EMPLOYMENT | ) | |
| SECURITY, | ) | |
| | ) | |
| Respondents. | ) | Filed: September 24, 2024 |

Before James M. Dowd, P.J., Angela T. Quigless, J., and Cristian M. Stevens, J.

## Opinion

On August 25, 2023, Cord Moving and Storage Company discharged driver Robert K. Bennett for misconduct under section 288.030.1[1] of the Missouri Employment Security Law after he was involved in three accidents while driving a company truck between June 15, 2023, and August 3, 2023. Bennett now appeals the February 9, 2024, decision of the Labor and Industrial Relations Commission denying him unemployment benefits.

In three points on appeal, Bennett alleges the Commission erred (1) because there was not competent and substantial evidence that he possessed the requisite intent to engage in the misconduct upon which the Commission based its decision; (2) because it shifted Cord's burden to prove

---

[1] All statutory references are to RSMo (2016) unless otherwise indicated.

misconduct onto Bennett to disprove it; and (3) because the record demonstrates that Cord unfairly and inconsistently investigated and applied its misconduct rules in that other Cord employees were not discharged for misconduct. Because the Commission properly found Bennett had the "knowing" mental state necessary to prove misconduct, the Commission applied the appropriate burden of proof in reaching its misconduct finding, and the record does not reflect Cord inconsistently applied its misconduct rules, we affirm.

**Factual Background**

On June 15, 2023, while driving a Cord company truck for the first time, Bennett had two accidents – the first when he hit a parked car while backing out of a parking space and the second when he knocked a mailbox off its pedestal. The third accident occurred on August 3, 2023, when Bennett struck another parked car. Cord's policy was that after three preventable accidents, a driver's qualifications would be reviewed and Cord would then determine whether the driver should continue driving for Cord. Before his termination, Cord removed Bennett from his driving position and he instead worked in Cord's warehouse from August 4, 2023, to August 25, 2023, when Cord terminated him.

On September 3, 2023, Bennett filed his initial claim for unemployment benefits which the Division of Employment Security denied finding Bennett was fired for misconduct due to his three at-fault accidents. The Division's Appeals Tribunal affirmed that decision. Bennett then appealed to the Commission which agreed with the Division and the Tribunal and in addition found that Bennett's disregard for his employer's interests in safety and protection of its property by not taking proper precautions while driving constituted "knowing misconduct" through carelessness or negligence under Section 288.030.1(23)(b).

2

## Standard of Review

Our review of the Commission's decision is governed by the Missouri Constitution and section 288.210. We review whether the Commission's decision is "authorized by law" and "supported by competent and substantial evidence upon the whole record." MO. CONST. art. V., section 18. Moreover, section 288.210 allows this court to modify, reverse, remand for rehearing, or set aside the Commission's decision if the Commission acted without or in excess of its powers; the decision was procured by fraud; the facts found by the Commission do not support the award; or there was not sufficient competent evidence in the record to support the award. *Dewes v. Div. of Emp. Sec.*, 660 S.W.3d 489, 493-94 (Mo. App. W.D. 2023).

This Court will affirm the decision of the Commission if, "upon a review of the whole record that there is sufficient competent and substantial evidence to support the Commission's decision." *C.L.E.A.N., LLC v. Div. of Emp. Sec.*, 405 S.W. 3d 613, 619 (Mo. App. W.D. 2013) (quoting *E.P.M. Inc. v. Buckman*, 300 S.W.3d 510, 513 (Mo. App. W.D. 2009)). "If evidence before an administrative body would warrant either of two proposed findings, the reviewing court is bound by the administrative determination and it is irrelevant that there is supportive evidence for the contrary finding." *Bd. of Edu., Mt. Vernon School v. Shank*, 542 S.W.2d 779, 782 (Mo. banc 1976). We review questions of law de novo. *Difatta-Wheaton v. Dolphin Cap. Corp.*, 271 S.W.3d 594, 595 (Mo. banc 2008).

## Discussion

First, Bennett's "knowing" misconduct. "The purpose of unemployment benefits is to provide financial assistance to people who are unemployed through no fault of their own." *Fendler v. Hudson Services*, 370 S.W.3d 585, 589 (Mo. banc 2012). "As a result, unemployment benefits are restricted if an employee is fired for misconduct." *Id.* Misconduct can be conduct or a failure to act demonstrating

3

carelessness or negligence in such a degree or recurrence as to manifest culpability, wrongful intent, or a knowing disregard of the employer's interest or of the employee's duties and obligations to the employer. Section 288.030.1(23)(b).

Turning to the record here, we find the Commission found by competent and substantial evidence that Bennett's misconduct demonstrated carelessness or negligence to such a degree as to manifest culpability. Section 288.030.1(23)(b). The Commission found Bennett did not take reasonable steps to protect the employer's property while driving its vehicle. Bennett attributed the first June 15, 2023, accident to his unfamiliarity with the vehicle but instead of taking additional time and precautions to familiarize himself, Bennett had another accident that same day. And then on August 23, 2023, Bennett had his third collision in which he admitted a passenger in the vehicle blocked his view of the side mirror. Instead of resolving that danger, he simply put the truck in reverse and struck another vehicle.

At that point, Cord reviewed Bennett's qualifications and discharged him. The Commission correctly found this conduct satisfied the carelessness or negligence standard that section 288.030.1(23)(b) contemplates because "[t]ogether, these acts of conduct, adverse to [Cord's] interests, resulted in detriment to [Cord], justifying a finding of misconduct." *Koret of California v. Zimmerman*, 941 S.W.2d 886, 890 (Mo. App. S.D. 1997). Point denied.

*Point II*

Next, Bennett's claim that the Commission incorrectly shifted the burden to him to disprove misconduct. "In general, a claimant bears the burden of demonstrating that he or she is entitled to unemployment benefits; however, when an employer claims that an applicant was discharged for misconduct, the burden shifts to the employer to prove the claim of misconduct connected with work." *Wilson v. Progressive Waste Solutions of Mo, Inc.*, 515 S.W.3d 804, 807 (Mo. App. E.D. 2017).

4

We deny this point because, as detailed in point I, the record reflects Cord proved through competent and substantial evidence that Bennett committed misconduct, and there is no indication the Commission required Bennett to prove the opposite.

## *Point III*

Lastly, Bennett claims Cord investigated its employees alleged misconduct inconsistently and unfairly. Bennett's claim is relevant to section 288.030.1(23)(e)(c) which states that misconduct includes a violation of an employer's rule and that if the employee can demonstrate the rule is not fairly and consistently enforced, the violation does not constitute misconduct. Because the issue here is whether Bennett's actions constituted misconduct under Section 288.030.1(23)(b), not a policy violation under section (e), point III is impertinent to the issues in this case and we deny the point.

## Conclusion

For the foregoing reasons, we affirm the Commission's decision.

_____
James M. Dowd, Presiding Judge

Angela T. Quigless, J., and
Cristian M. Stevens, J., concur.

5